FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATIE E., *O/B/O* U.L.,[1] | No. 2:24-CV-00433-MKD |
| Plaintiff, | ORDER AFFIRMING THE DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 8, 10** |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 8, 10. Victoria Chhagan and Amy Gilbrough represent Plaintiff. Special Assistant United States Attorney Noah Schabacker represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

On October 20, 2020, Plaintiff applied for Title XVI child supplemental security income benefits, alleging a disability onset date of October 20, 2020. Tr. 197-206. The application was denied initially, and on reconsideration. Tr. 72-76, 82-84. An administrative law judge (ALJ) held a hearing on May 29, 2024. Tr. 30-48. On June 28, 2024, the ALJ denied Plaintiff's claim. Tr. 14-28. The Appeal's Council denied review on October 25, 2024. Tr. 1-6. Plaintiff appealed this final decision on December 23, 2024. ECF No. 1. The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a

ORDER - 2

reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**THREE-STEP EVALUATION PROCESS**

The Commissioner has established a three-step sequential evaluation process for determining whether a child is disabled.  20 C.F.R. § 416.924.  At step one, it must be determined whether the claimant is performing substantial gainful activity.  *Id.*  If the claimant is not performing substantial gainful activity, at step two, it must be determined whether the claimant has a "severe" medically determinable

ORDER - 3

impairment or combination thereof. *Id.* If the claimant has a severe impairment or combination of impairments that meets the duration requirement, it must be determined at step three whether that impairment meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P. *Id.* If the child's impairment meets or medically equals a listed impairment, then the claimant will be found disabled. If the impairment does not meet or medically equal a listed impairment, it must be determined whether the impairment *functionally* equals a listed impairment by assessing the child's limitations in six broad areas of functioning called "domains." The domains include the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, (6) health and physical well-being. 20 C.F.R. § 416.926a. The claimant's impairment will be considered functionally equivalent if the claimant has "marked" limitations in two domains, or "extreme" limitations in one domain. *Id.* A determination of functional equivalence is the responsibility of the state agency medical or psychological staff at the initial and reconsideration levels, of an ALJ at the hearing level, and of the Appeals Council at that level. 20 C.F.R. § 416.926a(n). If a claimant meets all three steps and has an impairment that meets, medically equals, or functionally equals a listed impairment for the required duration, he or she will be found disabled.

ORDER - 4

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff was a school-age child on the date the application was filed and an adolescent on the date of the decision. Tr. 18.

At step two, the ALJ found that Plaintiff has the following severe impairment: diabetes mellitus type 1. Tr. 18.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. As to functional equivalence, the ALJ found Plaintiff has a less than marked limitation in acquiring and using information; a less than marked limitation in the ability to care for herself; and a marked limitation in health and physical well-being. Tr. 20. The ALJ thus determined Plaintiff's impairments do not result in two marked limitations or one extreme limitation in any of the six domains. Tr. 19-20.

The ALJ thus concluded Plaintiff has not been disabled since October 20, 2020. Tr. 23.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issue for review: Whether the ALJ erred by

ORDER - 5

determining Plaintiff has a less than marked limitation in the "Caring for Yourself" domain. ECF No. 8.

## DISCUSSION

### A. "Caring for Yourself" Domain Standard

The "Caring for Yourself" domain addresses how a child maintains a healthy emotional and physical state, including the ability to meet personal needs and manage health conditions in an age-appropriate way. 20 C.F.R. § 416.926a(k)(1)(ii). "In the domain of 'Caring for yourself,' we consider a child's ability to maintain a healthy emotional and physical state. This includes: (1) How well children get their emotional and physical wants and needs met in appropriate ways, (2) How children cope with stress and changes in the environment, and (3) How well children take care of their own health, possessions, and living area." SSR 09-7p, 2009 WL 396029, at *2. "In general, if a child needs a person, medication, treatment, device, or structured, supportive setting to make his functioning possible or to improve the functioning, the child will not be as independent as same-age peers. Such a child will have a limitation, even if he is functioning well with the help or support." SSR 09-1p, 2009 WL 396031, at *2. "For example, if you have an impairment(s) that results in episodes of frequent illness or hospitalizations, or that requires 24-hour-a-day supervision to avoid serious injury or death, we will find that your impairment(s) functionally equals the

ORDER - 6

listings." 20 C.F.R. § 416.926a(m)(2); *see also* SSR 09-7p, 2009 WL 396029, at *5-6 (explaining that behaviors such as neglecting medication or safety rules are relevant to this domain).

The Commissioner must consider "how appropriately, effectively, and independently the child performs activities compared to other children of the same age who do not have impairments." 20 C.F.R. § 416.924a(b)(5)(ii); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding that the ALJ must assess functioning in the six domains and consider all impairments cumulatively).

**B. The ALJ's Domain Finding**

The ALJ found Plaintiff had a marked limitation in "Health and Physical Well-Being," but a less-than-marked limitation in "Caring for Yourself." Tr. 20-22. In assessing Caring for Yourself, the ALJ summarized the record and expressly addressed Plaintiff's representative's contention that Plaintiff's nighttime eating and missed boluses constituted "self-injurious behavior" warranting a marked rating:

> The evidence demonstrates that [Plaintiff] and her mother both reported nighttime snacking that [Plaintiff] does not bolus for. [Plaintiff's] mother reported that unless supervised, [Plaintiff] is inconsistent with bolus recommends with insulin. She was also reported to be sneaking food at her when living with her mother, and snacking late at night. [Plaintiff] has also reported waking with high sugar depending on what she had eaten before dinner or intermittently omitting snack boluses. Reviews of her meter

ORDER - 7

> demonstrated significant hyperglycemia through the day and overnight, likely from omitting insulin boluses.

Tr. 21 (internal citations omitted). The ALJ then explained why this evidence did not require a marked rating in this domain:

> CFR § 416.926a and SSR 09-7p both note that self-injurious behavior, such as self-included injuries or refusal to take medication, may result in a marked or extreme limitation in caring for yourself. However, both also specifically note that this does not require a marked or extreme limitation in this domain, all relevant information must be taken into account when determining the level of limitation. Here, the problems with noncompliance are due to [Plaintiff's] supervisors. A 10-year-old is not capable of managing her diabetes and should not be held responsible for a failure to administer proper boluses. This is further supported by [Plaintiff's] discontinuation of the insulin pump due to lack of supervision by her parents.

Tr. 21-22.

The ALJ thus reasoned that while Plaintiff's medical condition required frequent monitoring and adult assistance, this degree of dependence was developmentally appropriate and did not establish a "marked" limitation in the ability to care for herself as defined by 20 C.F.R. § 416.926a(k). The decision acknowledged Plaintiff's recurrent diabetic-ketoacidosis hospitalizations and high-risk profile but attributed those outcomes primarily to inconsistent supervision and parental noncompliance rather than to a personal inability to understand or cooperate with treatment.

ORDER - 8

**C. Analysis**

The ALJ directly acknowledged Plaintiff's diabetes and need for assistance but reasonably concluded that her degree of dependence fell within age-appropriate expectations. The decision reflects that the ALJ weighed the evidence of noncompliance and reasonably found it attributable to parental supervision rather than Plaintiff's unwillingness or incapacity. Tr. 21-22.

That reasoning is consistent with medical evidence documenting that Plaintiff's difficulties arose when caregivers failed to monitor or prompt insulin boluses, not when she attempted to manage her condition independently, and that a lack of consistency between households accounted for variable caregiver oversight. Dr. Ali observed in December 2019 that "[Plaintiff] does go between houses: mother, father, and grandma. Per outside last visit, PGM was doing significant amount of her care and had not been formally educated. She is also Spanish speaking with language barrier with mom." Tr. 1003-1005. Dr. Ali further observed: "Sick days: Mom checks every 2 hours and she gives 'ketone correction'; however, still has had some difficulty controlling her BG's." Tr. 1005. Relatedly, hospital records reflect "inadequate troubleshooting by family and inadequate supervision." Tr. 1107. Plaintiff's treating endocrinologist observed that "[s]he is food sneaking more at mom's. It does seem she has less supervision there as well." Tr. 1062; *see also* Tr. 1042 (Plaintiff's mother reporting that

ORDER - 9

Plaintiff was inconsistent with bolus recommendations unless supervised); Tr. 1162 ("She does often eat with her siblings at night when mom is asleep for which she is not blousing."). Further, Plaintiff's mother described that Plaintiff "can test her blood sugar" and "knows how to get snacks," but "needs reminders to bolus and count carbs." Tr. 265. And a teacher reported that Plaintiff "takes responsibility for checking her blood sugar at school" but "goes to the nurse for supervision and insulin." Tr. 420. These reports, consistent with the medical evidence, depict a child who can perform self-care steps with direction, matching the regulatory example of age-appropriate dependence under SSR 09-7p. Plaintiff's pattern of needing reminders, prompts, and occasional physical help to manage insulin dosing aligns with normal expectations for a school-age child handling a complex medical regimen. The record shows Plaintiff participated actively in her regimen, checking blood glucose roughly ten times per day, recognizing when she felt "high" or "low," and following instructions for correction dosing. *See, e.g.*, Tr. 1005. While she needed adults to calculate carbohydrate ratios and ensure dosing compliance, SSR 09-7p acknowledges that school-age children typically "[p]erform most daily activities independently … but may need to be reminded." 2009 WL 396029, at *5. The ALJ thus permissibly concluded that Plaintiff's need for supervision, though continuous, did not "interfere seriously" with her ability to care for herself compared to same-age

ORDER - 10

peers without impairments. 20 C.F.R. § 416.926a(e)(2). Taken together, these records substantiate the ALJ's finding that supervision lapses, rather than willful refusal or emotional dysregulation, explained her inconsistent control. The ALJ reasonably concluded that lapses occurred when adult monitoring was absent, behavior consistent with her age.[2]

Plaintiff's citation to 20 C.F.R. § 416.926a(m)(2) is misplaced. *See* ECF No. 8 at 9. That provision addresses overall functional equivalence, not the Caring for Yourself domain specifically. The ALJ properly applied that guidance in assigning a marked rating in Health and Physical Well-Being but reasonably declined to double-count the same medical factors under Caring for Yourself. *See* SSR 09-1p, 2009 WL 396031, at *7 (explaining that an adjudicator must evaluate each domain distinctly to avoid duplication).

---

[2] Plaintiff argues that she "engaged in self-injurious behavior during the relevant period by sneaking out and eating food a night and being non-compliant with treatment." ECF No. 8 at 8. The record does not reflect, however, that Plaintiff intentionally omitted insulin or disregarded her condition. Providers instead attributed omissions to age and unsupervised circumstances. *See, e.g.*, Tr. 1042, 1062, 1117. This contrasts sharply with the SSR 09-7p's description of volitional self-harm.

ORDER - 11

Even if the evidence could support a different interpretation, the Court must affirm where, as here, the ALJ's view is rational. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed.") (citations, quotations, and alterations omitted). Although Plaintiff offers alternative interpretations of the medical record, the Court is bound by the rationale set forth by the ALJ in the written decision.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 8**, is **DENIED**.

2. Defendant's Brief, **ECF No. 10**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 28, 2025.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 12